Filed 12/14/21  P. v. Ramirez CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISRAEL RAMIREZ,<br><br>Defendant and Appellant. | B308809<br><br>(Los Angeles County<br>Super. Ct. No. NA071730) |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard M. Goul, Judge.  Reversed and remanded with directions.

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2009, defendant and appellant Israel Ramirez was convicted by a jury of first degree murder (Pen. Code, § 187, subd. (a)),[1] finding true the allegation that he personally used a knife in the commission of the offense (§ 12022, subd. (b)(1)). He was sentenced to 26 years to life in state prison.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. After appointing counsel to represent defendant and considering briefing and argument by both parties, the trial court denied defendant's petition without issuing an order to show cause and holding an evidentiary hearing pursuant to section 1170.95, subdivision (d).

Defendant timely filed a notice of appeal. He argues that because he established a prima facie case that he is potentially eligible for resentencing relief, the trial court should have issued an order to show cause and held an evidentiary hearing. The People agree.

In accordance with the parties' briefs, we reverse and remand the matter for the trial court to issue an order to show cause and to hold an evidentiary hearing pursuant to section 1170.95, subdivision (d).

## FACTUAL BACKGROUND

"On September 4, 2006, Rosaura Gutierrez (Rosaura) heard her son, Randolfo Gutierrez (Gutierrez), arguing with someone outside their Long Beach apartment. She went outside and saw that Gutierrez was arguing with Cesar Villagrana (Villagrana) in the alley. Rosaura heard her son say, 'If you're going to stab me, do it already.' [Defendant] and a girl were also in the alley.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Rosaura saw that Villagrana was angry, and she asked what was going on, but no one paid attention to her. Rosaura saw [defendant] throw something to Villagrana. Rosaura stepped in between Villagrana and her son, and Villagrana pushed her aside. The girl with Villagrana spoke, and when Gutierrez turned to her, Villagrana attacked him. Villagrana reached over Rosaura's shoulder and hit Gutierrez with something shiny. Villagrana then grabbed Gutierrez by the neck with the help of [defendant] and the girl. Rosaura saw [defendant] doing something to her son, but she could not see his hands because her head was behind her son's back. Rosaura tried to grab her son by the arm, but he kept slipping away because there was so much blood on his arm. As Villagrana held Gutierrez in a headlock with his right hand, he rained blows upon him with his left hand. Rosaura could feel the blows because she was trying to pull Gutierrez away from Villagrana by holding onto Gutierrez's stomach. Rosaura did not know if Villagrana was hitting Gutierrez or cutting him, but she herself was cut in the arms." (*People v. Ramirez* (Sept. 15, 2010, B218429) [nonpub. opn.], at pp. 2–3, fn. omitted.)

Another witness testified that he saw Villagrana "stab[] Gutierrez while the other man and the woman held Gutierrez by his arms." (*People v. Ramirez, supra*, B218429, at p. 4.) Another witness saw one of the assailants holding the victim, while the other one hit him with a jabbing motion. (*Id.* at p. 5.)

Gutierrez died as a result of multiple stab wounds. (*People v. Ramirez, supra*, B218429, at p. 3.)

Defendant was charged with murder, and the matter proceeded to a jury trial. The prosecutor argued extensively that

3

defendant could be convicted of murder under the natural and probable consequences doctrine.

Among other things, the jury was instructed that defendant could be liable for murder as the actual killer, as a direct aider and abettor, or as an aider and abettor under the natural and probable consequences doctrine with the target crime of assault.[2]

The jury convicted defendant of first degree murder. (*People v. Ramirez*, *supra*, B218429, at p. 2.)

---

[2] The jury was instructed with CALCRIM No. 403: "To prove that the defendant is guilty of murder, the People must prove either that the defendant committed murder, that the defendant aided and abetted murder, or that: 1, the defendant is guilty of committing, or aiding and abetting the commission of, assault with a deadly weapon; 2, During the commission of assault with a deadly weapon, a coparticipant in that assault with a deadly weapon committed the crime of murder; and 3, Under all the circumstances, a reasonable person in the defendant's position would have known that the commission of the murder was a natural and probable consequence of the commission of the assault with a deadly weapon. A coparticipant in a crime is the perpetrator or anyone who aided and abetted the perpetrator. It does not include a victim or innocent bystander. A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence. If the murder was committed for a reason independent of the common plan to commit the assault with a deadly weapon, then the commission of murder was not a natural and probable consequence of assault with a deadly weapon. To decide whether the crimes of murder and assault with a deadly weapon were committed, please refer to the separate instructions that I will give you on those crimes." (*People v. Ramirez*, *supra*, B218429, at pp. 17–18.)

4

Defendant appealed, and on September 15, 2010, we affirmed the judgment with directions to amend the abstract of judgment and correct the sentence and number of credit days. (*People v. Ramirez, supra*, B218429, at p. 25.)

## PROCEDURAL BACKGROUND

On September 16, 2019, defendant filed a petition to be resentenced pursuant to section 1170.95. He averred that because he had been convicted of murder under either a felony murder theory or the natural and probable consequences doctrine, he was entitled to resentencing relief. The trial court appointed counsel and the matter was briefed.

On September 21, 2020, the trial court entertained oral argument on defendant's petition. It then took the matter under submission.

On October 21, 2020, the trial court denied defendant's petition without issuing an order to show cause. It found that defendant did not qualify for relief under section 1170.95 because he was one of two actual killers and aided and abetted the murder with intent to kill by stabbing the victim in the back. "As [defendant] could be found guilty of murder under current law, he has not made a prima facie showing that he is eligible for [section] 1170.95 relief and the petition is denied."

Defendant's timely appeal ensued.

## DISCUSSION

I. *Standard of Review*

We review the trial court's order de novo. (See *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 [application of law to undisputed facts]; *A.S. v. Miller* (2019) 34 Cal.App.5th 284, 290 [statutory interpretation].)

5

II. *Relevant Law*

Section 1170.95 provides a mechanism whereby people "who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[] may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973 (*Drayton*), overruled in part on other grounds in *People v. Lewis* (2021) 11 Cal.5th 952, 963 (*Lewis*).)

In order to obtain resentencing relief, the petitioner must file a facially sufficient section 1170.95 petition. (§ 1170.95, subds. (a)(1)-(3), (b)(1)(A).) If a petitioner does so, then the trial court proceeds to section 1170.95, subdivision (c), to assess whether the petitioner has made a prima facie showing for relief, thereby meriting an evidentiary hearing. (*Lewis, supra,* 11 Cal.5th at p. 957.) When making this determination, "the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law . . . . [I]f the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing . . . is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, *supra*, at p. 980; see also *Lewis*, *supra*, 11

6

Cal.5th at pp. 970–971.) In other words, a defendant is ineligible for relief only where the record conclusively shows that the jury actually relied—and the defendant's murder conviction actually rests—upon a theory of liability that is unaffected by section 1170.95.

If the trial court determines that the petitioner has made a prima facie showing of entitlement to relief, it must issue an order to show cause. (§ 1170.95, subd. (c).) "[U]nless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record[,]" the trial court then holds a hearing at which "the burden of proof . . . shift[s] to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Drayton, supra*, 47 Cal.App.5th at p. 981; see also § 1170.95, subd. (d)(1)-(3).)

III. *Defendant is entitled to an order to show cause evidentiary hearing*

As the parties agree, defendant made a prima facie showing of eligibility. After all, he filed a section 1170.95 petition averring that (1) an information had been filed against him allowing the prosecution to proceed under a theory of murder under the felony murder rule or the natural and probable consequences doctrine; (2) he was convicted of first degree murder; and (3) he could not now be convicted of murder following the amendments to sections 188 and 189. And, nothing in the record demonstrates that as a matter of law defendant is not eligible for relief. In fact, the jury was instructed on the natural and probable consequences doctrine and defendant could have been convicted on that theory. Although the jury found a personal knife use allegation true under section 12022, subdivision (b)(1), the jury could have reached that finding even

7

if it determined that defendant merely displayed the weapon in a menacing manner. Thus, it is not evident as a matter of law that defendant could be convicted of murder under the recently amended statutes.

The trial court denied defendant's petition on the grounds that defendant was one of two actual killers and aided and abetted the murder with intent to kill by stabbing the victim in the back. But to have made that determination, the trial court had to have engaged in some sort of "factfinding involving the weighing of evidence or the exercise of discretion." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.) That is not permitted at the prima facie stage of the proceedings. (*Ibid.*) Under these circumstances, an evidentiary hearing—where the People bear the burden of proof beyond a reasonable doubt—is required.[3]

Because defendant satisfied the prima facie stage of section 1170.95, subdivision (c), the trial court was required to set the matter for an order to show cause, with an evidentiary hearing. In so holding, "[w]e express no opinion about [defendant's] ultimate entitlement to relief following the hearing. (§ 1170.95, subd. (d)(2).)" (*Drayton*, *supra*, 47 Cal.App.5th at p. 983.)

---

[3] As the People point out in their respondent's brief, while "the record at present overwhelmingly supports" the fact that defendant is not entitled to be resentenced, that finding cannot be made until after an evidentiary hearing.

**DISPOSITION**

The order denying defendant's section 1170.95 petition is reversed.  On remand, the trial court is directed to issue an order to show cause (§ 1170.95, subd. (c)) and to hold an evidentiary hearing to determine whether to vacate defendant's murder conviction and resentence him (§ 1170.95, subd. (d)).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT

9